54 F.3d 777
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Richard Wayne MCELHANEY, Defendant-Appellant.
 No. 94-5886.
 United States Court of Appeals, Sixth Circuit.
 May 11, 1995.
 
 Before: NELSON and BOGGS, Circuit Judges, and GILMORE, District Judge.[1]
 PER CURIAM.
 
 
 1
 This is a criminal case in which a jury found the defendant, Richard Wayne McElhaney, guilty of being a convicted felon in possession of a firearm. Mr. McElhaney was also convicted on a related conspiracy charge.
 
 
 2
 The district court denied a pretrial motion in which Mr. McElhaney sought suppression of evidence that had been seized during the search of a motel room rented (as the court found) by a co-defendant. The court concluded that McElhaney lacked standing to object to the search and seizure, because he failed to show that he had an expectation of privacy in the co-defendant's room.
 
 
 3
 Subsequent to Mr. McEhlaney's conviction a probation officer prepared a presentence investigation report in which he referred to the motel room as McElhaney's. The report indicated that the room had been rented by the co-defendant and McElhaney together.
 
 
 4
 During the sentencing hearing McElhaney's lawyer renewed his motion to suppress, citing the language of the report. The court denied the motion. The sole issue presented on appeal is whether the court erred in so doing. We conclude that it did not.
 
 
 5
 The evidence presented at the suppression hearing established, as the district court found at the time, that a tipster from whom the police had learned about the motel room said that the room had been rented by the co-defendant, a man named Hall. In a call to the motel, the evidence further showed, the police confirmed that it was Hall who had rented the room. Defendant McElhaney made no attempt to rebut this evidence, and the court found that the motel room had in fact been rented by Hall and that McElhaney had no proprietary or possessory interest in it.
 
 
 6
 Mr. McElhaney took the stand at trial and was asked whether he had been in Hall's apartment. "Sir,"he answered, "I've never been in the apartment in my life." No evidence was presented at trial to show that McElhaney had a reasonable expectation of privacy in Hall's room or apartment -- and in denying the renewed suppression motion, the trial judge said that he had heard nothing either at the suppression hearing or at the trial itself to convince him that his factual findings were erroneous in any way.
 
 
 7
 It is true that at one point in the sentencing hearing the trial court found that the presentence report was "accurate." But this finding came immediately after Mr. McElhaney acknowledged that the information in the report about his personal history and criminal record was accurate and that he had no objections to the report. The report's misstatements about the motel room were not called to the attention of the trial judge until after the judge had said that the report was accurate and would be made part of the record. The judge was obviously not estopped to set the record straight once it was pointed out to him what the presentence report said about whose the motel room was.
 
 
 8
 The court's factual findings with respect to the room are not clearly erroneous. McElhaney's conviction is therefore AFFIRMED.
 
 
 
 [1]
 The Honorable Horace W. Gilmore, United States District Judge for the Eastern District of Michigan, sitting by designation